IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

MARY FRYE, individually and as Administratrix
of the Estate of CRAIG FRYE,

    Plaintiff,

v.                                                   CIVIL ACTION NO: 3:18-cv-00393

VEP HEALTHCARE, INC.
and STACY AMANDA DICK, FNP

    Defendants.

PETITION AND APPLICATION OF MARY FRYE, INDIVIDUALLY AND AS
ADMINISTRATRIX of the ESTATE OF CRAIG FRYE, FOR PERMISSION TO
SETTLE A WRONGFUL DEATH CLAIM AGAINST VEP HEALTHCARE, INC.
AND STACY AMANDA DICK, FNP

    Now comes your Petitioner, Mary Frye, individually and as Administratrix of the Estate of Craig Frye, and requests Court approval for settlement of the wrongful death claim of Craig Frye, and respectfully represents and shows unto the Court the following:

    1.    That Petitioner, Mary Frye, has been qualified and duly appointed as Administratrix of the Estate of Craig Frye. (See copy of will attached hereto as "Exhibit A.")

    2.    That Petitioner, Mary Frye, individually, and as Administratrix of the Estate of Craig Frye, has a claim under the West Virginia's Medical Professional Liability Act ["MPLA"] at W. Va. Code § 55-7B-1, et seq., for medical negligence against Defendants, as well as other parties in the care and treatment of the deceased, Craig Frye.

    3.    That Petitioner has employed Richard Lindsay, Esquire and the law firm of Tabor, Lindsay & Associates and Benjamin Conaway, Esquire and the law firm of

1

Conaway & Conaway to pursue a claim against all individuals and entities that may have contributed to Craig Frye's death. Petitioner has agreed to pay Attorney Richard Lindsay and Benjamin Conaway 40% of all recoveries and to reimburse them for all expenses.

      4.      The relevant facts are that the decedent, Craig Frye are as followed:

On or about March 17, 2017, the decedent, Craig Frye presented to the Emergency Room at St. Mary's Medical Center complaining of chest pain and pain down his arm. He was provided care by Defendants herein including but not limited to Amanda Dick FNP. Despite Mr. Frye's complaints no EKG was performed. Mr. Frye was discharged by Ms. Dick.

On or about March 19, 2017, Mr. Frye presented to Logan Regional Medical Center with virtually the same complaints. An EKG was performed and he was diagnosed with a myocardial infarction. He was transferred to Charleston Area Medical Center where he died of a myocardial infarction.

Plaintiff and Petitioner Mary Frye alleges that Defendants herein deviated from the standard of care in failing to perform and EKG and diagnose Mr. Frye with acute coronary syndrome on March 17, 2017 thereby proximately causing Mr. Frye's injury and death on March 19, 2017.

      5.      Petitioner, Mary Frye, represented by counsel Richard D. Lindsay, Esquire, Benjamin Conaway, Esquire and Defendants, VEP Healthcare Inc., and Stacy Dick, FNP., represented by counsel, J. Dustin Dillard, Esquire, reached a settlement under which Defendants agreed to pay to the Estate of Craig Frye, the sum of Three Thousand Hundred Dollars ($300,000.00) for full and final resolution of this matter as to claims against Defendants.

      6.      The beneficiaries are as follows; Mary Frye and Linda Frye have been duly notified via Certified, Return Receipt, U.S. Mail. The beneficiaries have approved this settlement.

      7.      Defendants generally deny liability for the death of Craig Frye.

8. The monetary sum of Three Hundred Thousand Dollars ($ 300,000.00) is believed by Petitioner to be fair and reasonable, and the Petitioner believes that the same should be accepted for the following reasons:

    a. The amount of money to be paid to Petitioner, Mary Frye, individually and as Administratrix of the Estate of Craig Frye, by Defendants are a substantial remedy and your Petitioner is of the opinion that it is the best offer that can be obtained, in view of the circumstances of the subject claim; and

    b. That it is in the best interests of the claimants for the wrongful death of Craig Frye to accept said settlement in view of the risks a trial by jury present and considering the strengths and weaknesses of such action.

**WHEREFORE**, your Petitioner respectfully prays that the Court grant this Petition and order as follows:

1. That Mary Frye, individually and as Administratrix of the Estate of Craig Frye, be GRANTED permission to settle any and all claims that have been, could have been, or could be asserted on behalf of the Estate of Craig Frye, potential beneficiaries, takers, and claimants to this settlement, against Defendants and to accept the sum of Three Hundred Thousand Dollars ($300,000.00) in full and final settlement of all such claims against Defendants.

2. That settlement of all claims by Mary Frye, individually as Administratrix of the Estate of Craig Frye, for potential beneficiaries, takers and claimants to this settlement, for $300,000.00 is approved as a good faith, fair, reasonable, and just settlement in the best interest of all those associated with this matter.

3. That the Petitioner, Mary Frye, individually as Administratrix of the Estate of Craig Frye, is empowered to execute and deliver to Defendants a full and complete release of all claims against Defendants by the Estate of Craig Frye and any potential beneficiaries, takers, and claimants to said settlement proceeds.

4. That all claims against Defendants that could be asserted as a result of the alleged wrongful death of Craig Frye are hereafter and forever extinguished.

5. That the Court authorize the immediate payment of One Hundred and Twenty Thousand Dollars ($ 120,000.00) in fees and Four Thousand Five Hundred and Fifty Five Dollars and Eighty Five Cents ($4,555.85) in expenses to Attorney Richard Lindsay and Attorney Ben Conaway.

6. That the Court enter an Order distributing the Thirteen Thousand Dollars ($13,000.00) in escrow pending the resolution and payment of any subrogation liens with the net proceeds after payment of any subrogation liens to be paid to the Estate of Craig Frye.

7. That the Court authorize Three Thousand Dollars ($3,000.00) be held in escrow to satisfy the 1% statutory fee to the West Virginia Patient Injury compensation fund in accordance with *West Virginia Code § 29-12D-1 et. Seq.*

8. That based upon the above evidence, the Court authorize the remainder of the settlement – One Hundred and Fifty Nine Thousand Four Hundred and Forty Four Dollars and Fifteen Cents ($159,444.15) – to the Estate to be distributed in accordance with the Court's conclusions following our Summary Proceeding at 10 a.m. on October 23, 2018.

                                                                                5

                                                      MARY FRYE,ADMINISTRATRIX
                                                      OF CRAIG FRYE'S ESATE,
                                                      Plaintiff,
                                                      By Counsel,

 s/ Richard D. Lindsay
Richard D. Lindsay II, Esquire
W.Va. State Bar # 10832
Richard D. Lindsay, M.D., J.D.
W.Va. State Bar # 2216
Tabor Lindsay & Associates
Post Office Box 1269
Charleston, WV 25325
304/344-5155